```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No.: 8:25-cr-147-VMC-AEP

BRIAN FRANCIS MCARDLE

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Brian Francis McArdle's Amended Motion for Amendment of Conditions of Release Pursuant to 18 U.S.C. § 3145(a)(2) (Doc. # 34), filed on April 30, 2025. The United States of America responded on May 8, 2025. (Doc. # 41). For the reasons that follow, the Motion is denied.

**I.   Legal Standard**

Mr. McArdle filed his Motion pursuant to 18 U.S.C. § 3145(a)(2). That statute states: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court - . . . (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of

1

release." 18 U.S.C. § 3145(a)(2). Such motion is to be "determined promptly." Id.

"The District Court Judge with original jurisdiction then reviews de novo the Magistrate Judge's order." United States v. Noland-James, No. CR19-261-RSM, 2020 WL 1904049, at *2 (W.D. Wash. Apr. 17, 2020); see also United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985) ("[W]e follow suit and require that our district courts undertake de novo review of the pretrial detention determinations of the magistrates.").

To determine what conditions of release will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the Court considers:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal

      history, and record concerning appearance at court proceedings; and

      (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## II. **Discussion**

On March 27, 2025, Mr. McArdle was charged with one count of transportation of child pornography and one count of possession of child pornography. (Doc. # 1). During the April 2, 2025, bond hearing, Mr. McArdle was released on pretrial conditions, including home detention, with a $50,000 unsecured bond. (Doc. # 23). Although Mr. McArdle lived in an apartment with his brother before his arrest, the Magistrate Judge ordered Mr. McArdle to reside with his father, Francis McArdle, pending trial. (Id.). Mr. McArdle's father is the surety on the unsecured bond. (Doc. # 24). Additionally, the Magistrate Judge discussed with Mr. McArdle's father his understanding of the conditions of Mr. McArdle's release and the importance of complying with those conditions. (Doc. # 41 at 1).

Subsequently, on April 9, 2025, the Magistrate Judge held an arraignment and motion hearing on Mr. McArdle's motion to modify the terms of his pretrial release, which requested that Mr. McArdle be permitted to return to his job. (Doc. # 12). During the April 9 hearing, Mr. McArdle orally moved to modify his conditions of release to allow him to move into the two-bedroom apartment he shares with his younger brother, Alex McArdle. (Doc. # 19).

The Magistrate Judge questioned Alex McArdle about the shared apartment. (Doc. # 32 at 11). Alex McArdle explained that he owns devices with internet access, but that he has passwords on all his devices. (Id.). He stated that he would be installing a lock on his bedroom door that he would lock when not in the apartment to ensure that Mr. McArdle could not access Alex McArdle's devices. (Id.). Alex McArdle explained that he is unemployed but seeking employment. (Id.).

The Magistrate Judge denied Mr. McArdle's request to reside with his brother. (Id. at 12; Doc. # 27). She explained her reasoning as follows:

> I have no reason to mistrust Mr. McArdle's representation that he has every good intention of ensuring that the conditions of pretrial release are met, however, I'm more comfortable with the Defendant residing with his father. His father is

4

>    able to put up financial security and I will not
>    ask Mr. Alex McArdle to do that given that he does
>    not have employment, and I appreciate the dynamics
>    between a father and son to be different than the
>    dynamics between someone and their little brother
>    however well-intentioned and good that person may
>    be.
>
>    I just – I am less comfortable asking
>    someone's younger sibling in that position to act
>    as essentially a guardian of the conditions of
>    their older sibling on the record, so I will deny
>    the request to change his living condition. I'd
>    like the Defendant to continue to live with his
>    father, however, I will grant the request as to a
>    preapproved phone by pretrial and the change in his
>    situation to allow him to work.

(Doc. # 32 at 12).

Now, Mr. McArdle seeks this Court's review of the Magistrate Judge's denial of his request to live with his brother. (Doc. # 34). The Court has carefully reviewed the record in this case, including the transcript of the April 9 hearing before the Magistrate Judge. (Doc. # 32). Because the record is sufficient, the Court declines to hold an evidentiary hearing on this Motion.

Based on the Court's review of the record, the Court adopts the findings of the Magistrate Judge and makes the de novo determination that Mr. McArdle should remain living with his father while out on bond. The least restrictive condition that can assure Mr. McArdle's appearance while protecting the public is home detention with Mr. McArdle residing at his

5

father's home. The Court believes it is necessary for Mr. McArdle to reside with his father, who is the surety on Mr. McArdle's unsecured bond. As his father, Francis McArdle is more likely to strictly enforce Mr. McArdle's conditions of pretrial release and prevent Mr. McArdle from accessing devices with internet capability than Mr. McArdle's younger brother.

Thus, the Court will not amend the conditions of release set by the Magistrate.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Brian Francis McArdle's Amended Motion for Amendment of Conditions of Release Pursuant to 18 U.S.C. § 3145(a)(2) (Doc. # 34) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of May, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE